UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA

    v.                                                             Crim. No. 05-10236-RCL

JAMES HOLYOKE,
     Defendant.

## MEMORANDUM AND ORDER

SOROKIN, M.J.

      A grand jury returned an Indictment charging Holyoke with violations of 18 U.S.C. §§ 841, 846. The penalties Holyoke faces, if convicted, are substantial including a mandatory minimum sentence of ten years and a maximum sentence of life in prison. Holyoke has a criminal record, according to the original Pretrial Services report, which includes convictions for: Breaking and Entering in the Nightime with Intent to Commit a Felony, Intimidation and Assault and Battery. Holyoke was detained temporarily on June 17, 2005, after his arrest on the underlying complaint, pursuant to the United States' oral Motion for Detention pending trial. The statutory presumption of detention applicable in controlled substance prosecutions supported the motion of the United States.

      On August 8, 2005, I ordered Holyoke released to an inpatient drug treatment program. The program was outside of the Boston area which removed him from the area in which he abused methamphatime. He did well. Eventually Holyoke graduated from the program and moved into a sober house again located outside of the Boston area. Again, Holyoke appeared to

do well.

On May 15, 2006, Holyoke plead guilty before Judge Lindsay. On June 6, 2006, a concerning sign developed in the course of an interview of Holyoke by a Pretrial Services Officer. Specifically, Holyoke disclosed going to a nightclub every Friday night. On Saturday June 10, 2006, Holyoke received a pass to leave the sober house. While away from the sober house, Holyoke came to Boston and relapsed by using methamphatime which he continued to do until his self-surrender. He called in sick to work on Sunday and again later in the week. On June 14 or 15, 2006 he received a voicemail from Pretrial and in response he contacted his attorney. On Monday June 19, 2006, Holyoke surrendered to the warrant that had previously issued; he did not contact Pretrial during this period. He tested positive for methamphetamine in the cell block.

Initially, Holyoke proposed release to live with a third party custodian while he sought another sober house into which he could move. Now he proposes release to a transitional program followed by placement into a sober house. The information before the Court from Holoyke's counsel and Pretrial establishes that there are such programs in the Worcester area that would accept Holyoke.

Ordinarily, the provisions of 18 U.S.C. § 3148 would apply to the United States' Motion for revocation of Holyoke's release for violation of pretrial release conditions. Applying these provisions, after careful consideration, several hearings and several supplemental submissions by the Pretrial and Holyoke, I find by clear and convincing evidence that Holyoke violated the conditions of his release. I further find that there is no condition or combination of conditions of release that will assure that Holyoke will not flee or pose a danger to the safety of the community

and that he is unlikely to abide by any condition or combination of conditions of release. Moreover, Holyoke has pled guilty. 18 U.S.C. § 3143 applies to his release or detention as a result. Under the more stringent provisions of this statute, I find that Holyoke may not be released as the United States has met its burden of proof both as to danger and risk of flight. I make all of the foregoing findings under the clear and convincing evidence standard.

    Mr. Holyoke, for a substantial period of time, performed well under the release conditions established. He progressed in his treatment. The question before the Court is not, however, a treatment decision, but a release question under the applicable statutes. The force of the evidence in support of detention suffices even in the face of the possibility of appropriate treatment. Accordingly, I allow the Motion for Revocation and Order Holyoke DETAINED.

ORDER OF DETENTION PENDING SENTENCING

In accordance with the foregoing memorandum, IT IS ORDERED:

    1. That Holyoke be committed to the custody of the Attorney General or his designated representative, for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

    2. That Holyoke be afforded a reasonable opportunity for private consultation with counsel; and

    3. That on order of a court of the United States or on request by an attorney for the Government, the person in charge of the corrections facility in which Holyoke is detained and confined shall deliver Holyoke to an authorized Deputy United States Marshal for the purpose of any appearance in connection with a court proceeding.

RIGHT OF APPEAL

THE PERSON OR PERSONS DETAINED BY THIS ORDER MAY FILE A MOTION FOR REVOCATION OR AMENDMENT OF THE ORDER PURSUANT TO 18 U.S.C. § 3145(b).

/s/ Leo T. Sorokin
LEO T. SOROKIN
United States Magistrate Judge